**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CURTIS PERRY,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 20-CV-2542** |
| : | |
| **WELL-PATH,** *et al.* : | |
|     **Defendants.** : | |

**MEMORANDUM**

**GALLAGHER, J.**                                                                                                                               **JULY 16, 2020**

*Pro se* Plaintiff Curtis Perry, a prisoner incarcerated at SCI-Phoenix, has filed a Complaint pursuant to 42 U.S.C. § 1983.[1] Named as Defendants are Well-Path, a company Perry alleges has been contracted to provide medical services at SCI-Phoenix, the SCI-Phoenix Medical Department, the SCI-Phoenix Medical Director, SCI-Phoenix Correctional Health Care Administrator, Pennsylvania Department of Corrections employees Joseph J. Silva (identified as Director of the Bureau of Health Care Services), Stephen St. Vincent (identified as Director of Policy/Planning), David A. Thomas Jr. (identified as the SCI-Phoenix Correctional Facility Maintenance Manager), Major Gina Clark, and "Mr. Pierson" (identified only as "HVAC"[2]). Perry also seeks leave to proceed with this case without paying the filing fee. For the following reasons, Perry's request to proceed *in forma pauperis* will be granted and the Complaint will be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Perry dated his Complaint February 19, 2020. Due to the delays caused by the COVID-19 pandemic, his Complaint was not filed May 29, 2020.

[2] Perry does not identify what this acronym means. It is also unclear whether the letters are "HUAC" or "HVAC." Defendant Pierson is not otherwise mentioned in the body of the Complaint.

**I.     FACTUAL ALLEGATIONS**

Perry claims that because of being exposed to fumes while incarcerated he has suffered from walking pneumonia for an entire year. (ECF No. 2 at 8.)[3] He suffered a collapsed lung requiring outside hospitalization and lost 40 pounds as a result of his illness. (*Id.*) He also alleges that the fumes caused cancer that has spread in his body. (*Id.* at 11.) He filed a grievance about his conditions of confinement on January 3, 2019 that was addressed by Defendant Major Clark. (*Id.* at 8.) He alleges that her handling of the grievance constituted deliberate indifference to his health needs. (*Id.*)

Defendant David Thomas, the Correctional Facility Maintenance Manager, allegedly advised the Superintendent of SCI-Phoenix that no action was required in connection with the fumes that Perry inhaled. (*Id.* at 9.) Perry asserts that Thomas did this for budgetary and staff allocation reasons. (*Id.*)

Perry was taken to Einstein Hospital on December 7, 2018 and he later submitted sick call requests about his problem on January 7, January 25, March 1, March 19, and June 11, 2019. (*Id.*) He asserts he receives daily breathing treatments, but they do not help him. (*Id.*) He was also taken to an outside hospital for treatment on April 24, August 19, and August 22, 2019. (*Id.*) He lists numerous additional dates he received medical appointments for x-rays, oncology telemedicine, and other services. (*Id.* at 9-10.) He filed several grievances about his medical treatment, but they were denied. (*Id.* at 10.)

Perry alleges that Well-Path deprived him of medical services due to budgetary constraints. (*Id.* at 11.) Well-Path allegedly offers monetary incentives to its employees to keep down costs and discourages off-site treatment. (*Id.*) Instead, it employs alternative treatment

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

plans ("ATPs") that require its medical providers to follow its instructions on care. (*Id.*) Perry alleges that the ATP constituted deliberate indifference to his medical needs and almost caused him to die. (*Id.*) He asserts that his cancer treatment was delayed by unspecified Defendants who have no medical training. (*Id.*) He also asserts he has not received physical therapy and his pain medication is ineffective. (*Id.*)

Perry claims that "all Pa. DOC level administrative defendants" violated his rights in the way they handled his grievances, and "all medical related defendants/authorities" denied his reasonable requests for medical treatment. (*Id.* at 12.) He further claims that "the medical defendants/officials" delayed his care by using arbitrary procedures and because he could not pay for his own care. (*Id.*) He alleges that "all defendants" had personal knowledge of his medical situation and denied him care for non-medical reasons. (*Id.* at 13.) Perry does not specify the relief he seeks for his claims. (*See id.* at 15 (Compl. § VI. left blank).)

## II.     STANDARD OF REVIEW

Because Perry is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

---

[4] Because Perry is a prisoner, under the terms of the Prison Litigation Reform Act he is still required to pay the filing fee in full in installments.

As Perry is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.  DISCUSSION

Perry seeks to assert federal constitutional claims under 42 U.S.C. § 1983. That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.  Claims Based on Grievances

Perry appears to bring a claim against Major Clark and "all Pa. DOC level administrative defendants" based upon their handling of his grievances over the presence of fumes in the prison and his medical care. Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the facts alleged by Perry about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

### B. Claims Against the SCI-Phoenix Medical Department

Perry names as a Defendant the SCI-Phoenix Medical Department. A state prison's medical department may not be sued under § 1983 because it is not a person. *See Ruff v. Health Care Adm'r*, 441 F. App'x 843, 845-46 (3d Cir. 2011) (holding that district court properly dismissed claims against prison medical department because it was not a person under § 1983); *see also Baumbach v. Mills*, Civ. A. No. 18-15008, 2019 WL 360532, at *2 (D.N.J. Jan. 29, 2019) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973); *United States ex rel. Gittlemacker v. County of Philadelphia*, 413 F.2d 84 (3d Cir. 1969). Accordingly, the SCI-Phoenix Medical Department is dismissed with prejudice.

### C. Claims Based Upon Medical Treatment

Perry also appears to bring a deliberate indifference claim under the Eighth Amendment against "all medical related defendants/authorities." To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991).

Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, No. 19-1684 (3d Cir. Apr. 27, 2020, slip op. at 13 (holding that attaching documents to grievance form is insufficient under *Rode* to show personal direction or actual knowledge by recipient of underlying facts)).

Perry's deliberate indifference claim is not plausible as pled. His assertions of deliberate indifference and that he had a serious medical need are conclusory. Additionally, he attempts to assert the claim against "all medical related defendants/authorities" without specifying which named Defendant personally acted to violate his rights. Because Perry has failed to allege that each named Defendant was aware of his need for medical care and how each was personally involved in the alleged denial of medical care, his claims cannot proceed. Indeed, other than Well-Path, no other "medical related defendants/authorities" are mentioned by name in the body of the Complaint.

The claim against Well-Path is also not plausible as currently pled. The United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir.

2015) (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)). Rather, in order to hold a private health care company like Well-Path liable for a constitutional violation under § 1983, a prisoner must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the Cty. Comm'rs of Bryan Cty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, Civ. A. No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted).

While Perry asserts in conclusory fashion that Well-Path delayed or denied him care as the result of a policy to reduce costs by utilizing ATPs, he does not provide specifics on how this policy constituted deliberate indifference to his serious medical needs. As Perry himself asserts that he received substantial medical services both within SCI-Phoenix and at outside medical providers, his conclusory claim that Well Path had a policy to reduce costs fails to state a claim upon which relief may be granted.

The Court cannot say, however, that Perry can never state a plausible claim based on his medical treatment. Accordingly, Perry will be granted leave to file an amended complaint to attempt to cure the defects the Court has noted.

### D.  Claims Involving the Inhalation of Fumes

Defendant David Thomas, as Correctional Facility Maintenance Manager, allegedly advised the Superintendent of SCI-Phoenix that no action was required in connection with the fumes that Perry inhaled. Thomas allegedly did this for budgetary and staff allocation reasons.

7

Perry does not allege that Thomas caused the environmental contamination, how he was otherwise responsible for the contamination, or how his actions violated Perry's constitutional rights. No other named Defendant is specifically associated with this claim. Based on is allegations about contracting pneumonia and cancer, the Court understands Perry to assert a "present injury" claim based on his exposure to fumes.

A prisoner may maintain a "present injury" claim, i.e., one that asserts exposure to contaminates poses a risk to a prisoner's existing medical needs, under the Eighth Amendment. *Atkinson v. Taylor*, 316 F.3d 257, 262 (3d Cir. 2003). To assert a plausible present injury claim based on such exposure, the prisoner must allege: (1) a sufficiently serious medical need related to the exposure; and (2) deliberate indifference by the prison authorities to that need. *Id.* at 266 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Thus, the claim contains an objective component, either that the prisoner suffers from a sufficiently serious medical need, or that the prisoner be subjected to an unreasonably high level of contamination, and a subjective component, that the prison authorities were deliberately indifferent.

While Perry asserts that Defendant Thomas knew about the presence of fumes and did not remedy the problem due to budgetary priorities, he does not allege that Thomas had personal knowledge of the effect his actions had on Perry's medical condition or even that he was aware of Perry's medical condition. Perry does not allege any interaction with Thomas so that one may infer that Thomas was deliberately indifferent to Perry's medical condition, as opposed to the effects the fumes would allegedly have generally on any prisoner in the institution. As noted, Perry makes no specific allegation that any other named Defendant was responsible for his injury due to the presence of fumes.

Because the Court cannot say at this time that Perry can never assert a plausible claim against Thomas or any other Defendant based on his exposure to fumes, the claim based on exposure to fumes will also be dismissed without prejudice and Perry will be granted leave to amend this claim as well.

## IV.     CONCLUSION

For the reasons stated, Perry's claims are dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Perry may file an amended complaint limited to those claims and Defendants that have not been dismissed with prejudice. An appropriate Order with further instructions on filing an amended complaint follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER**
**United States District Court Judge**