# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CURTIS PERRY,** : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 20-CV-2542** |
| : | |
| **WELL-PATH,** *et al.* : | |
| Defendants. : | |

## MEMORANDUM

**GALLAGHER, J.**                                                                                          **November 20, 2020**

*Pro se* Plaintiff Curtis Perry, a prisoner incarcerated at SCI-Phoenix, filed a Complaint pursuant to 42 U.S.C. § 1983 on May 29, 2020.[1] Named as Defendants in the original Complaint were Well-Path, a company Perry alleges has been contracted to provide medical services at SCI-Phoenix, the SCI-Phoenix Medical Department, the SCI-Phoenix Medical Director, SCI-Phoenix Correctional Health Care Administrator, Pennsylvania Department of Corrections employees Joseph J. Silva (identified as Director of the Bureau of Health Care Services), Stephen St. Vincent (identified as Director of Policy/Planning), David A. Thomas Jr. (identified as the SCI-Phoenix Correctional Facility Maintenance Manager), Major Gina Clark, and "Mr. Pierson" (identified only as "HVAC"[2]). In a Memorandum and Order filed on July 16, 2020, the Court dismissed the original Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and granted Perry leave to file an amended complaint. Perry has now returned with an Amended Complaint in which he names only Well-Path as the

---

[1] Perry dated his Complaint February 19, 2020. Due to the delays caused by the COVID-19 pandemic, his Complaint was not filed May 29, 2020.

[2] Perry did not identify what this acronym meant. Defendant Pierson was not otherwise mentioned in the body of the original Complaint.

Defendant.³  For the following reasons, the Amended Complaint will be dismissed without prejudice and Perry will be given one more opportunity to cure the defects the Court identified in his original Complaint.

## I. FACTUAL ALLEGATIONS⁴

Similar to the allegations in the original Complaint, Perry again alleges his Eighth and Fourteenth Amendment rights were violated when Well-Path was deliberately indifferent to his serious medical issue after he was exposed to toxic fumes.  (ECF No. 10 at 3, 4.)  He asserts that in 2018 he suffered from pneumonia and was taken out of the prison to a hospital for treatment.  (*Id*. at 4.)  He lost 40 pounds during his illness and still feels sick.  (*Id.*)  He states that he put in

---

³ Perry identified only "Well-Path, et al." in the caption of the Amended Complaint.  Perry left blank the portion of the form complaint that asks a plaintiff to list "each defendant named in the complaint."  Perry also fails to mention any other person or entity in the body of his Amended Complaint.  In the Order dismissing the original Complaint and granting Perry leave to amend, the Court specifically instructed Perry that any amended complaint "must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint."  (ECF No. 6.)  Because no other Defendant is named in the Amended Complaint, the Court construes the Amended Complaint as asserting only claims against Well-Path.

⁴ The factual allegations in the Amended Complaint are not as fully developed as those Perry included in the original Complaint.  In the Order dismissing the original Complaint and granting Perry leave to amend, the Court also specifically instructed Perry that any amended complaint must "be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim."  (ECF No. 6.)  An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").  Accordingly, the Court relies only upon the allegations contained in the Amended Complaint to conduct the § 1915 screening.

sick calls complaining about his breathing on January 7, 25, and 29, 2019; March 1 and 19, 2019; and June 11, 2019.  (*Id*. at 5.)  At those sick calls Perry was "seen with non-aggressive care & treatment."  (*Id*.)   He alleges deliberate indifference because he "continue[s] to have problem with [his] lungs [he] was misdiagnosed twice, sent to an outside hospital."  (*Id*.)  Perry seeks $100,000 in damages and asserts his condition "is still undetermined."  (*Id*.)

## II.   STANDARD OF REVIEW

Because Perry has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether an amended complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice.  *Id.*  As Perry is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

Perry seeks to assert federal constitutional claims under 42 U.S.C. § 1983.  That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Perry again brings a deliberate indifference claim against Well-Path. To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that a defendant was deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A defendant is not deliberately indifferent unless the defendant "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991).

Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d

218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (holding that attaching documents to grievance form is insufficient under *Rode* to show personal direction or actual knowledge by recipient of underlying facts).

Perry again fails to assert a plausible deliberate indifference claim against Well-Path. As the Court stated in the prior Memorandum dismissing the original Complaint, the United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)). Rather, in order to hold a private health care company like Well-Path liable for a constitutional violation under § 1983, a prisoner must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the Cty. Comm'rs of Bryan Cty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, Civ. A. No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted).

Perry asserts in conclusory fashion that Well-Path was deliberately indifferent but fails to allege that Well-Path had a relevant policy or custom that caused him a constitutional injury. His only substantive allegation, that he was "misdiagnosed," is insufficient to show a policy or

custom.  It is also insufficient to establish deliberate indifference.  Accordingly, his claim against Well-Path is again subject to dismissal.  Given the more fulsome allegations contained in the original Complaint, the Court will permit Perry one final opportunity to correct the defects the Court has identified in his claim by permitting Perry leave to file a second amended complaint. Perry is again instructed that any amended pleading must list all Defendants in the caption of the complaint, list them in the list of parties, and make sufficient allegations against each named Defendant to permit the Court to complete its screening obligation under § 1915.[5]

An appropriate Order follows.

**BY THE COURT:**


*/s/ John M. Gallagher*
**JOHN M. GALLAGER, J.**

---

[5] Perry must also tell the Court with as much specificity as he can the identity of who was responsible for his alleged injuries (either by name if known or as "John Doe #1, John Doe #2, etc.), the nature of his injuries, and the factual basis to support his allegation that Defendant Well-Path maintained a policy to delay or deny treatment.