**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CURTIS PERRY,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 20-CV-2542** |
| : | |
| **WELL-PATH,** *et al.* : | |
|     **Defendants.** : | |

**MEMORANDUM**

**GALLAGHER, J.**                                                                                        **JANUARY 22, 2021**

*Pro se* Plaintiff Curtis Perry, a prisoner incarcerated at SCI-Phoenix, filed a Complaint (ECF No. 2) pursuant to 42 U.S.C. § 1983 on May 29, 2020.[1] Named as Defendants in that pleading were Well-Path, a company Perry alleges has been contracted to provide medical services at SCI-Phoenix, the SCI-Phoenix Medical Department, the SCI-Phoenix Medical Director, SCI-Phoenix Correctional Health Care Administrator, Pennsylvania Department of Corrections employees Joseph J. Silva (identified as Director of the Bureau of Health Care Services), Stephen St. Vincent (identified as Director of Policy/Planning), David A. Thomas Jr. (identified as the SCI-Phoenix Correctional Facility Maintenance Manager), Major Gina Clark, and "Mr. Pierson." In a Memorandum and Order file on July 16, 2020 (ECF Nos. 5, 6), the Complaint was dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Claims based on the handling of Perry's prison grievances and claims against Defendant the SCI-Phoenix Medical Department were dismissed with prejudice, while

---

[1] Perry dated his Complaint February 19, 2020. Due to the delays caused by the COVID-19 pandemic, his Complaint was not filed May 29, 2020.

Perry's medical claims and claims based on inhalation of fumes were dismissed without prejudice.  (*Id.*)

Perry returned with an Amended Complaint on October 9, 2020 (ECF No. 10.)  The only Defendant named in the Amended Complaint was "Well Path, et al."  In a Memorandum and Order filed on November 20, 2020 (ECF No. 11, 12), the Amended Complaint was dismissed without prejudice because Perry alleged only in conclusory terms that Well Path was deliberately indifferent to his serious medical needs and failed to provide factual allegations to support the claim.  Because his original Complaint contained more fulsome allegations about his medical treatment, Perry was permitted leave to file a second amended complaint.  Perry filed a Second Amended Complaint on December 18, 2020 (ECF No. 13).[2]  For the following reasons, the Second Amended Complaint will be dismissed in part and the balance of the claims will be served for a response.

## I. FACTUAL ALLEGATIONS

In the Second Amended Complaint ("SAC") and its supplement, Perry names as Defendants Pennsylvania Secretary of Corrections John E. Wetzel, Well Path,[3] "Phoenix Medical Staff Dept.," "Medical Director," "Health Care Administrator," John and Jane Does, Pennsylvania DOC Director of Policy Stephen St. Vincent, Maintenance Director David A.

---

[2] Perry also filed an additional Amended Complaint on January 13, 2021 (ECF No. 14) in which he corrected errata in his December pleading.  The Court will consider the January pleading to be a supplement to the Second Amended Complaint since Perry clearly intended it to be so, rather than a superseding third amended complaint.

[3] The spelling of "Well Path" has not been consistent in Perry's pleadings.  As he uses the name without a hyphen in the SAC, the Court will use that spelling in screening his claims.

Thomas, Major Gena Clark, and "Facility Manager" Tammy Ferguson.  (ECF Nos. 13 at 1, 14 at 2.)[4]  All Defendants are named in their individual and official capacities.  Perry asserts claims based on his alleged exposure to fumes while incarcerated at SCI-Phoenix that sickened him with pneumonia, caused him to lose 40 pounds, and be hospitalized for treatment.  (ECF No. 13 at 2.)  He believes he has suffered lung damage because he has constant difficulty breathing, and has suffered pain, depression and heart damage due to "a pattern of deliberate indifference and practice" by Well Path, and a pattern of delay, denial of grievances, and delay in treatment by Defendants.  (*Id.* at 6.)

Perry alleges that John Doe, a medical provider at SCI-Phoenix who received six of Perry's sick call complaints, failed to provide him with adequate medical treatment for his breathing condition and failed to investigate the cause of his illness.  (*Id.*)  Doe also allegedly delayed sending Perry to an outside hospital.  (*Id.*)  Defendant Ferguson allegedly dismissed Perry's grievance without making findings of fact.  (*Id.* at 3.)  In doing so, Perry alleges she exhibited deliberate indifference to his medical needs as recited in the grievance.  (*Id.*)  Defendant Thomas allegedly advised Ferguson that "no further action [was] warranted and "rejected [Perry's] efforts to obtain review of his constitutional claims [and] continued to impede any possible relief available in the system [and] with indifference blocked [Perry] for [sic] obtaining prompt and fair assessment of his claims and possible reasonable medical care to cure [Perry] of major medical sickness."  (*Id.* (other spelling errors corrected).)  Perry also asserts that Thomas was "part of a pattern and policy to divert" Perry from receiving medical treatment by

---

[4] The Court adopts the pagination supplied by the CM/ECF docketing system.

shifting Perry "into a cheaper medical plan" that did not provide him with unspecified treatment Perry believes he should have received. (*Id.* at 4.)

Defendant Clark was allegedly aware of Perry's complaints about fumes and his medical treatment but only told him to "move to another part of the prison." (*Id.*) Clark allegedly "passed off" his complaints "as if he had no medical issues [t]elling [Perry] that she had spoked [sic] to Mr. Pieson, who informed her that he could not locate the cause of [Perry's] illness." (*Id.*) John Doe Medical Director allegedly had personal knowledge of Perry's complaints, failed to correct them, and was deliberately indifferent to Perry's medical needs. (*Id.* at 5.) Perry alleges that Medical Director Doe was responsible for a "policy that operated to deny [Perry] medical treatment that he needed to have his sickness cured and treated properly." (*Id.*) Perry sent Defendant St. Vincent a letter complaining about his heart problems. (*Id.*) St. Vincent allegedly directed Perry to the DOC office of investigation and intelligence, but otherwise failed to act. Perry alleges that St. Vincent was also deliberately indifferent to his medical needs. (*Id.*) A possibly different John Doe of the SCI-Phoenix medical department who examined Perry "deliberately brushed off [his illness] as nothing serious. (*Id.* at 6.) Finally, Defendant Wetzel, in his capacity as the DOC Secretary, is allegedly responsible for the management, control and creation of DOC policies, and has authority over all subordinate employees of the DOC. (ECF No. 14 at 3.) He is alleged to be responsible for humane conditions of confinement to pose no risk to inmates' health, safety, and welfare. (*Id.*)

## II.   STANDARD OF REVIEW

Because the Court granted Perry leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the SAC if it fails to state a claim. Whether a

4

complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Perry is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.    DISCUSSION

Perry seeks to assert federal constitutional claims under 42 U.S.C. § 1983. That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A.    Claims Based on Grievances

The Court previously dismissed all claims based on the handing of Perry's grievances when screening his original Complaint. (ECF No. 5 at 4.) As stated there, claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir.

5

2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam).  Perry has reasserted claims against Defendants Wetzel, Ferguson, Thomas, and Clark based on their involvement with his grievances.  For the reasons previously stated, the facts alleged by Perry about grievances do not give rise to a plausible basis for a constitutional claim and will again be dismissed with prejudice.

### B. Official Capacity Claims

Perry has named all Defendants in both their individual and official capacities and appears to seek money damages.[5]  Claims against governmental officials named in their official capacity are indistinguishable from claims against the governmental entity that employs them. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  Suits against state officials acting in their official capacities are really suits against the employing government

---

[5] In Perry's Amended Complaint, he asked for damages in excess of $100,000.  (*See* ECF No. 10 at 5.)  While Perry did not specify the type of relief he seeks in the SAC, it is reasonable to assume he continues to seek monetary damages for his injuries.

agency, and as such, are also barred by the Eleventh Amendment.[6] *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Accordingly, all official capacity claims are dismissed with prejudice.

### C. Claims Against Defendant Wetzel

Defendant Wetzel, in his capacity as the DOC Secretary, is allegedly responsible for the management, control and creation of DOC policies, and has authority over all subordinate employees of the DOC. (ECF No. 14 at 3.) He is alleged to be responsible for humane conditions of confinement to pose no risk to inmates' health, safety. and welfare. (*Id.*) Perry appears to name him as a Defendant based solely on his role as head of the DOC and does not allege that Wetzel was personally involved in medical care decisions or the presence of fumes.

There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as

---

[6] However, state officials sued in their individual capacities are "persons" within the meaning of Section 1983. *See Hafer*, 502 U.S. at 31. Thus, the Eleventh Amendment does not bar suits for monetary damages brought under Section 1983 against state officials in their individual capacities. *Id.*

the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Perry conclusory allegations that Wetzel controlled policies at the DOC and was responsible for ensuring humane conditions at SCI-Phoenix are insufficient to state a claim under § 1983 on a supervisory liability theory. Conclusory allegations are insufficient, *see Iqbal*, 556 U.S. 678, and Perry identifies no actual policy, practice or custom that Wetzel established that caused his alleged injuries. Accordingly, the claim against Wetzel is not plausible. Having afforded Perry three opportunities to state a plausible claim and it appearing the further attempts would prove futile, the dismissal of the claims against Wetzel will be with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile.").

### D. Claims Against Non-medical Defendants Based Upon Medical Treatment

In addition to naming medical providers as Defendants charged with being deliberately indifferent to his serious medical needs, Perry also attempts to state deliberate indifference claims against non-medical provider Defendants at SCI-Phoenix. Specifically, he alleges that Defendant Ferguson exhibited deliberate indifference to his medical needs by denying his grievance, Defendant Thomas was "part of a pattern and policy to divert" Perry from receiving medical treatment by shifting Perry "into a cheaper medical plan," Defendant Clark "passed off" his complaints, and Defendant St. Vincent merely directed Perry to a different office to deal with his complaints. These claims are also not plausible.

"If a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). More importantly, "[p]rison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff." *Carter v. Smith*, 483 F. App'x 705, 708 (3d Cir. 2012) (per curiam). As Perry was being treated by medical personnel at SCI-Phoenix for his breathing problems, he cannot assert plausible claims against non-medical defendants for being allegedly indifferent to his medical needs. Accordingly, these claims will also be dismissed with prejudice as it appears any further attempt at amendment would be futile.

### E.      Claims Against Well Path, "Phoenix Medical Staff Dept.," and "Health Care Administrator"

Perry again attempts to assert claims against Well Path. In dismissing similar claims contained in Perry's original Complaint, the Court stated:

> The United States Court of Appeals for the Third Circuit has held that "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)). Rather, in order to hold a private health care company like Well-Path liable for a constitutional violation under § 1983, a prisoner must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the Cty. Comm'rs of Bryan Cty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, Civ. A. No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted).

> While Perry asserts in conclusory fashion that Well-Path delayed or denied him care as the result of a policy to reduce costs by utilizing ATPs, he does not provide specifics on how this policy constituted deliberate indifference to his serious medical needs. As Perry himself asserts that he received substantial medical services both within SCI-Phoenix and at outside medical providers, his conclusory claim that Well Path had a policy to reduce costs fails to state a claim upon which relief may be granted.

(ECF No. 5 at 6-7.)

The claim Perry attempts to restate in the SAC suffers from the same defects the Court identified in the earlier iteration. Perry appears to name Well Path as a Defendant because it employs the medical providers at SCI-Phoenix. As noted above, Perry's policy and customs allegations are mere conclusions and he does not identify any relevant policy that caused him constitutional injury. Because there are no other specific allegations directed against Well Path, and Perry has now failed at three opportunities to attempt to state plausible claims, Well Path will be dismissed with prejudice.

Perry has also named "Phoenix Medical Staff Dept." and "Health Care Administrator" in the caption of the SAC but makes no specific allegations against them. Additionally, the United States Court of Appeals for the Third Circuit has made clear that a prison medical department is not a "person" for purposes of § 1983 liability. *Ruff v. Health Care Adm'r*, 441 F. App'x 843, 845-46 (3d Cir. 2011) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir.1973) (per curiam). For these reasons, the claims against "Phoenix Medical Staff Dept." and "Health Care Administrator" will also be dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated, Perry's claims are dismissed in part with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The accompanying Order dismisses all claims against Defendants

Wetzel, Ferguson, Thomas, Clark, and St. Vincent since the claims against them are based on their handling of grievances, or make medical claims against non-medical provider Defendants. The Order also dismisses all claims against Well Path, "Phoenix Medical Staff Dept." and "Health Care Administrator." The Court will direct service of the balance of Perry's claims against the remaining John Doe Defendants.[7]

---

[7] At this juncture, the Court has now dismissed all of the claims brought against individual, named Defendants, but is prepared to allow Perry's claims to proceed against unnamed, John Doe medical providers. It is unclear whether those unnamed Defendants are employed by the Department of Corrections or Well Path. The Court is keenly aware, however, that although Perry is entitled to service by the United States Marshals Service, *see* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), it is highly unlikely the Marshals Service could properly serve the Summonses and Complaint without more precise identifying information for these individuals such as last name, first name, rank, physical description, etc. Therefore, in order to ultimately facilitate a more effective attempt at service by the Marshals, the Court is inclined to adopt the approach taken by the Second Circuit Court of Appeals in *Davis v. Kelly*, 160 F.3d 917 (2d Cir. 1998).

In *Davis*, the Second Circuit recognized that under certain circumstances a court should not dismiss otherwise colorable § 1983 claims against supervisory personnel, who are not alleged to otherwise have personal involvement, until a *pro se* plaintiff has been afforded an opportunity, at least through limited discovery, to identify the subordinate officials who have personal liability. *Id.* at 920-21 (observing that "courts have pointed out the appropriateness of maintaining supervisory personnel as defendants in lawsuits stating a colorable claim until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability").

The Third Circuit has not explicitly adopted the approach identified by the Second Circuit in *Davis*. However, in *Wyatt v. Municipality of Commonwealth of Philadelphia*, 718 F. App'x 102, 103-04 (3d Cir. 2017) (per curiam), the Third Circuit recognized the difficulties presented where a *pro se* plaintiff could only provide limited information for the United States Marshals Service for purposes of serving the defendants identified as employees of the City of Philadelphia. When the City claimed it could not accept service without the defendants' full names, and the *pro se* plaintiff could not provide that information, the district court dismissed the complaint for failure to timely effect service under Federal Rule of Civil Procedure 4(m). *Id.* at 104. Thereafter, Wyatt filed a separate suit against the City for failing to accept service in the original action. *Id.* After the second suit was dismissed, Wyatt appealed. The Third Circuit noted that where a *pro se* plaintiff initially sued prison officials in their official capacities, he "effectively sought relief against the City" of Philadelphia. *Id.*

Accordingly, the Third Circuit vacated and remanded Wyatt's subsequent action and directed the district court to consolidate the cases. By way of the consolidation, the Third Circuit

BY THE COURT:

*/s/ John M. Gallagher*  _
JOHN M. GALLAGHER
UNITED STATES DISTRICT COURT JUDGE

---

noted that "[n]ow that the City will be a defendant, service on the City itself should be easily effected and the City should take appropriate steps to identify the individual defendants based on the information Wyatt has provided." *Id.* at 105. Based on the Third Circuit's approach in *Wyatt*, the Circuit seems to have implicitly sanctioned the use of the City of Philadelphia as a placeholder for the unknown defendants for the limited purpose of assisting the *pro se* plaintiff to obtain sufficient information to identify the defendants in order to effect proper service.

      Based on *Davis* and *Wyatt*, it appears that the prudent course of action for the Court to follow at this time is to maintain Defendant Wetzel in his official capacity on behalf of the Department, as well as Well Path as Defendants in this matter for the limited, and sole purpose, of allowing the Marshals Service to serve a copy of the Summonses and the Complaint, along with a copy of this Memorandum and its accompanying Order, so that the Department and/or Well Path may assist Perry in identifying the John Doe medical providers. At such time that Perry is able to identify these the unnamed Defendants, the Court will dismiss Defendants Wetzel and Well Path as placeholders for these Defendants. Should Perry still be unable to identify these Defendants after reasonable efforts and assistance from the Department of Corrections and Well Path, the Court will entertain whatever motions for relief they seek to bring.