## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS PERRY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 2:20-cv-02542-JMG |
| | : | |
| WELL-PATH, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**GALLAGHER, J.**                                                                            **May 24, 2023**

*Pro se* Plaintiff Curtis Perry, a prisoner incarcerated at SCI-Phoenix, filed a Third Amended Complaint under 42 U.S.C. § 1983 on August 10, 2022.  Following the Court's dismissal of two previous amended complaints, Perry named as Defendants in the Third Amended Complaint: Deputy Superintendent Mandy Sipple; Correctional Health Care Administrator Brittany Huner, Director of Bureau of Pennsylvania Department of Corrections (DOC) Health Care Services Joseph J. Silva, the Pennsylvania DOC (collectively, "Commonwealth Defendants"); as well as Correct Care Solutions ("CCS") and the Estate of Dr. Stephen D. Wiener (collectively, "Medical Defendants").  The Commonwealth Defendants moved to dismiss Perry's Third Amended Complaint on October 26, 2022.  On November 8, 2022, the Medical Defendants filed a Notice of Intention to Enter Judgment for Failure to File a Written Statement from an Appropriate Licensed Professional under Pennsylvania Rule of Civil Procedure 1042.12.  The Court then granted Perry's requests for extensions of time to file a response to both the Commonwealth Defendants' Motion to Dismiss and the Medical Defendants' request for a Certificate of Merit under the Pennsylvania Rule.  Perry then moved to file a supplement to the Third Amended Complaint and/or a Fourth Amended Complaint on January 3, 2023.  Upon Perry's

failure to provide a certificate of merit, the Medical Defendants moved to dismiss Perry's Third Amended Complaint on January 4, 2023.

For the following reasons, Perry's Motion for Leave to File a Fourth Amended Complaint, ECF No. 49, is denied; and Perry's Second Motion for an Extension of Time to File a Reply to Defendants' Motion to Dismiss, ECF No. 46, is denied as moot.  Also, the Commonwealth Defendants' Motion to Dismiss, ECF No. 38, is granted and Perry's claims against the Commonwealth Defendants are dismissed with prejudice.  The Medical Defendants' Motion for Entry of Judgment of Non Pros, ECF No. 54, is also denied.  And lastly, the Medical Defendants' Motion to Dismiss, ECF No. 48, is granted; Perry's claims against CCS are dismissed with prejudice, but Perry's claims against Dr. Wiener's Estate are dismissed without prejudice.

1. **FACTUAL BACKGROUND**

    a. **The Case's Early History**

Curtis Perry, a prisoner incarcerated at SCI-Phoenix, filed a Complaint pursuant to 42 U.S.C. § 1983 on May 29, 2020.[1]  Named as Defendants in the original Complaint were Well-Path,[2] the SCI-Phoenix Medical Director, SCI-Phoenix Correctional Health Care Administrator, Pennsylvania Department of Corrections employees Joseph J. Silva (identified as Director of the Bureau of Health Care Services), Stephen St. Vincent (identified as Director of Policy/Planning), David A. Thomas Jr. (identified as the SCI-Phoenix Correctional Facility Maintenance Manager), Major Gina Clark, and "Mr. Pierson" (identified only as "HVAC"[3]).  *See* ECF No. 11 at 1.

---

[1] *See* ECF No. 2.  Perry dated his Complaint February 19, 2020.  Due to the delays caused by the COVID-19 pandemic, his Complaint was not filed May 29, 2020.

[2] Well-Path is a company Perry alleged had been contracted to provide medical services at SCI-Phoenix, the SCI-Phoenix Medical Department.

[3] Perry did not identify what this acronym meant.  Defendant Pierson was not otherwise mentioned in the body of the original Complaint.

In a Memorandum and Order filed on July 16, 2020, the Court dismissed the original Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and granted Perry leave to file an amended complaint.  On October 9, 2020, Perry then filed an Amended Complaint in which he named only Well-Path as the Defendant.[4]  In a Memorandum and Order filed on November 20, 2020, the Court again dismissed Perry's Amended Complaint without prejudice and provided Perry will have an opportunity to cure the defects the Court identified in his original Complaint.  *See* ECF Nos. 11, 12.  Perry filed a Second Amended Complaint on December 18, 2020.[5]  The Court then dismissed Perry's Second Amended Complaint in part and directed the balance of the claims to be served for a response.  *See* ECF No. 15.

On April 16, 2021, the Court granted Perry's Motion to Appoint Counsel.  *See* ECF No. 18.  Accordingly, the Court then referred the present action to the district's Prisoner Civil Rights Panel to attempt to obtain counsel for Perry.  *See id.*  After the passing of over a year without an attorney from the panel accepting Perry's case, the Court found it necessary to remove Perry's case from the panel to make progress toward the resolution of this matter.  ECF No. 47.

---

[4] ECF No. 11 at 2 n. 3.  Perry identified only "Well-Path, et al." in the caption of the Amended Complaint.  *Id.*  Because Perry named no other Defendant in the Amended Complaint, the Court construed the Amended Complaint as asserting only claims against Well-Path.  *Id.*

[5] ECF No. 13.  Perry also filed an additional Amended Complaint on January 13, 2021 at ECF No. 14.  The Court considered Perry's January 13, 2021 Pleading to be a supplement to the Second Amended Complaint.  ECF No. 15 at 2 n.2.

b. **Perry's Third Amended Complaint**

On August 10, 2022, Perry filed a Third Amended Complaint against Defendants Deputy Superintendent Mandy Sipple; Correctional Health Care Administrator Brittany Huner; Director of Bureau of Pennsylvania DOC Health Care Services Joseph J. Silva; Pennsylvania DOC; Correct Care Solutions; and the estate of Dr. Stephen D. Wiener, who Perry alleges was a medical doctor who treated inmates at SCI-Phoenix.[6]

Similar to the allegations in the original and second amended complaint, Perry again alleges Defendants violated his Eighth Amendment rights by deliberate indifference to Perry's medical issues after he was exposed to toxic fumes. ECF No. 30 ¶1; *see also* ECF No. 11 at 2. Specifically, Perry now alleges "extreme damage to his physical and mental well-being due to deliberate indifference, gross negligence, and willful and wanton conduct of the Defendants, individually and collectively, in connection with medical treatment he received or failed to receive while . . . incarcerated at [Pennsylvania DOC] SCI-Phoenix." ECF No. 30 ¶1.

Perry alleges he became "very sick with walking pneumonia and closed lung" after exposure to toxic fumes in his cell. ECF No. 30 ¶¶22, 23. Perry repeatedly requested medical care in relation to chest pains and breathing problems. *Id.* ¶24. Perry alleged he received breathing treatments at the prison that "didn't provide any relief for the pain and suffering he endured." *Id.* ¶15. Dr. Wiener, a medical doctor treating inmates at SCI-Phoenix, then referred Perry to an outside medical provider contracted by Pennsylvania DOC; the outside provider then reported their findings and medical treatment back to Dr. Wiener.[7] Despite this notice, Perry alleges he

---

[6] *See* ECF No. 30. Perry alleges Dr. Wiener has passed away since the events described in Perry's Third Amended Complaint. *See* ECF No. 30 ¶12; *see also* ECF No. 49 ¶10. Thus Perry brings claims against Dr. Wiener's Estate.

[7] *Id.* ¶¶ 12, 28. Perry attached the outside provider's findings with the filing of his Third Amended Complaint. *Id.* at 10-13.

"continue[d] to suffer heart disease and l[u]ng disease" due to denial of or insufficient medical treatment.  *Id.* ¶33. More specifically, Perry alleges "the entire medical staff and overseers of such failed to provide [him] medical care" recommended by the outside provider.[8]

On November 29, 2021, Perry alleges he then received care from the Einstein Hospital in Montgomery County, PA for heart and lung problems. *Id.* ¶36.   At the hospital, doctors installed a defibrillator in Plaintiff's chest and provided care for lung disease.  *Id.* ¶38.  Perry is currently housed in SCI-Phoenix's infirmary.   *Id.* ¶39.

Perry alleges Defendants failed to provide him with adequate medical care.  More specifically, Perry alleges "the medical program at SCI-Phoenix lacks sufficient policies and procedures to ensure adequate medical care is provided to inmates."  *Id.* ¶2.  And, despite Defendants receiving notice of Perry's diagnosed conditions, Defendants "continued to deny [Perry] access to simple diagnostic and palliative treatments, without reason or cause, leading to the degeneration of Plaintiff's basic bodily functions."  *Id.* ¶2.  And Perry also alleges the medical staff and Deputy Superintendent at SCI-Phoenix "willfully ignored" Perry's requests for medical attention.  *Id.* ¶6.  Defendants' treatment "deviated from accepted standards of medical care" and "was so deficient that it rose to the level of a deliberate indifference to his medical needs."  *Id.* Ultimately, Defendants' mistreatment and/or lack of treatment caused him to "suffer[] extreme pain and complications from his conditions that would not have occurred with proper care."  *Id.* ¶4.  Perry thus seeks compensatory and punitive damages for his injuries.  *Id.* ¶41.

---

[8] *Id.* ¶34.  Perry also alleges Dr. Stephen D. Wiener received "a very important email message by Power Connect Actionable Finding System, on January 15, 2021 . . . relating to Plaintiff's health problems."  *Id.* ¶35.

c.  **Additional Motions**

On October 26, 2022, the Commonwealth Defendants moved to dismiss Perry's Third Amended Complaint.  *See* ECF No. 38.  The Commonwealth Defendants contend Perry's claims in the Third Amended Complaint should be dismissed because the claims are 1) similar in substance to claims previously dismissed, (2) "devoid of any allegations of personal involvement by the individual defendants in the wrongs Plaintiff alleges," *id.* at 4, and (3) barred as against the DOC because they are barred by immunity under the Eleventh Amendment, *id.* at 5.  Perry did not respond in opposition to the Commonwealth Defendants' Motion to Dismiss.

Then, on November 8, 2022, the Medical Defendants filed a notice of their intention to enter a judgment against Plaintiff.  ECF No. 41.  The Medical Defendants contended they would enter a judgment after thirty (30) days of the date of filing if Perry failed to provide a written statement from an appropriate licensed professional as required by Pennsylvania Rule of Civil Procedure 1042.3(e).  *Id.* at 1.

On November 14, 2022, Plaintiff then moved for an extension of time to respond to the Commonwealth Defendants' motion to dismiss.  ECF No. 42.  Plaintiff later moved for an extension for filing a certification of merit.  ECF No. 43.  The Court granted both of Plaintiffs' motions for an extension in part and set deadlines in January of 2023.  ECF No. 44.  On December 21, 2022, Plaintiff filed a second motion for an extension of time to reply to the Commonwealth Defendants' motion to dismiss.  ECF No. 46.

On January 3, 2023, Perry moved for leave to file a "'Third Amended' Complaint Supplement" to "fix the 'Third' Amended Complaint."  ECF No. 49.  Perry's proffered amended complaint and/or supplement seeks to "only name as defendant the Estate of Dr. Stephen D. Wiener, all others removed."  *Id.* at 4.  And the substance of Perry's claims concerned the alleged

improper medical treatment provided by Dr. Wiener. *See generally id.* The Medical Defendants moved in opposition of Perry's Motion for Leave to File an Amended Complaint. *See* ECF No. 51. The Medical Defendants contend the motion should be denied because (1) it would be Plaintiff's fourth amended complaint, (2) a notice of intent for failure to submit a certificate of merit and expert report and a motion to dismiss the third Amended Complaint are pending, and (3) Perry improperly attaches a supplement complaint to be incorporated into the pending Third Amended Complaint. ECF No. 51 at 1. The Commonwealth Defendants did not oppose Perry's motion for leave to file a supplement to the Third Amended Complaint.

On January 4, 2023, the Medical Defendants also moved to dismiss Perry's Third Amended Complaint. ECF No. 48. The Medical Defendants submit Perry's Third Amended Complaint should be dismissed because (1) Perry fails to state a cause of action against the Medical Defendants based on deliberate indifference to a serious medical need, (2) CCS cannot be held liable under respondent superior for the actions of its employees, and (3) Perry can't maintain an action based on medical negligence/professional liability. *See generally id.* Perry opposes the Medical Defendants' Motion to Dismiss. *See* ECF No. 52. Perry's response in opposition provides reasoning in support of his pending motion to amend the complaint, including good cause shown by the "importance of the necessary amendment" to bring claims against Dr. Wiener's estate. *Id.* at 4. Perry also contends the Court should not require his filing of the Pennsylvania's certificate of merit under persuasive case law from various federal appellate courts outside of the Third Circuit. *Id.* at 5. Perry then provides reasoning his proffered fourth amended "final" complaint, focusing on Dr. Wiener's alleged deliberate indifference, should survive Defendants' motions to dismiss.[9]

---

[9] *Id.* at 6. The Court notes Perry does not oppose the Medical Defendants' Motion to Dismiss on the basis of timeliness.

Then, on February 8, 2023, the Medical Defendants filed a Motion for Entry of Judgment Non Pros for Perry's failure to file a certificate of merit under Pennsylvania Rule of Civil Procedure 1042.7.  ECF No. 54.  The Medical Defendants contend, as a result of Perry's failure to file a certificate of merit as required under Pennsylvania Rule of Civil Procedure 1042.3(e), "[a] [j]udgment should be entered as to all claims involving Correct Care Solutions, LLC and the Estate of Stephen Wiener, DO . . . ."  *Id.* at 2.

In response to Perry's motion in opposition to the Medical Defendants' motion to dismiss, the Medical Defendants submitted a reply brief without first seeking leave of the Court.  In their Reply, the Medical Defendants submit Perry raises medical malpractice/professional negligence claims in his Third Amended Complaint, which necessitate a certificate of merit. ECF No. 53 at 1-3.  The Medical Defendants also submit Perry's factual allegations do not amount to deliberate indifference.  *Id.* at 3.  Both Perry and the Medical Defendants then provided brief sur-replies without leave of the Court.  Nevertheless, the Court will consider the arguments raised in these briefings.[10]

In sum, the following motions are present in front of the Court: (1) Perry's Second Motion for an Extension of Time to File a Reply to Defendants' Motion to Dismiss, ECF No. 46; (2) Perry's Motion for Leave to File a Fourth Amended Complaint, ECF No. 49; (3) the Commonwealth Defendants' Motion to Dismiss, ECF No. 38; (4) the Medical Defendants' Motion for Entry of Judgment of Non Pros, ECF No. 54; and (5) the Medical Defendants' Motion to Dismiss, ECF No. 48.

---

[10] Both Perry and the Medical Defendants' claims in their proffered sur-replies are similar in substance to their previous motions concerning Pennsylvania's rule requiring a Certificate of Merit.  *See generally* ECF Nos. 55, 56.

2. **LEGAL STANDARD**

    a. **Motion for Leave to File an Amended Complaint**

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of pleadings with leave of court, and directs that courts 'should freely give leave when justice so requires.'" *Harris v. Steadman*, 160 F. Supp. 3d 814, 816–17 (E.D. Pa. 2016) (citing FED. R. CIV. P. 15(a)). "Leave should be granted unless: (1) an amendment would be futile or there has been undue delay in the amendment; (2) the court finds bad faith or dilatory motive by the moving party; (3) an amendment would cause prejudice to the non-moving party; or (4) the moving party has demonstrated repeated failure to cure deficiency by amendments previously allowed." *Id.* (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir.2004) (internal citations omitted)). "A pleading will be deemed futile if, as amended, it fails to state a claim upon which relief may be granted." *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (internal quotation omitted)). "In assessing futility, a court applies the standard of legal sufficiency set forth under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.* (internal citation omitted). District courts "enjoy[] significant latitude in deciding whether to grant leave to amend." *U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (citing *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir.2008) (internal quotation omitted)).

    b. **Legal and Procedural Requirements under Pennsylvania Rule of Civil Procedure 1042.3(e)**

Pennsylvania Rule of Civil Procedure Rule 1042.3(a) provides "[i]n any action based upon an allegation that a licensed professional deviated from an acceptable professional standard . . . [,] the plaintiff if not represented[] shall file with the complaint or within sixty days of filing of the

complaint, a certificate of merit signed by [an] attorney or party . . . ." 231 Pa. Code Rule 1042.3(a). The certificate of merit "must attest that there is a reasonable probability that the medical or other professional care described in the complaint fell outside of acceptable professional standards." *Trainor v. Wellpath*, No. 1:20-CV-00225-RAL, 2023 WL 2603196, at *22 (W.D. Pa. Mar. 22, 2023). A plaintiff may also submit a certificate of merit signed by an attorney or party providing "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." 231 Pa. Code Rule 1042.3(a)(3).

The U.S. Court of Appeals for the Third Circuit has found "Rule 1042.3 [of the Pennsylvania Rules of Civil Procedure] is substantive law that applies to professional malpractice claims based on Pennsylvania law that are asserted in federal court." *Trainor*, 2023 WL 2603196, at *22 (citing *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262-64 (3d Cir. 2011) (citing *Erie R.R. v. Thompkins*, 304 U.S. 64 (1983)). "Thus, for purposes of a motion to dismiss or motion for summary judgment, Rule 1042.3 is applied as 'controlling, substantive state law.'" *Id.* (quoting *Scaramuzza v. Sciolla*, 345 F. Supp. 2d 508, 509-10 (E.D. Pa. 2004)). And the requirements of Rule 1042.3 apply to litigants who are currently imprisoned. *See id.* "[A] plaintiff's failure to comply with Rule 1042.3 requires dismissal of any malpractice claim." *Id.* (quoting *Bennett v. PrimeCare Medical Inc.*, 2018 WL 6072126, at *10 (M.D. Pa. Sept. 14, 2018)).

    c. **Motion to Dismiss**

The Medical Defendants and Commonwealth Defendants in this case move to dismiss Perry's Third Amended Complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).  In other words, "there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234–35 (3d Cir. 2008).

Federal courts within the Third Circuit deploy a three-step analysis when faced with motions to dismiss.  First, the Court identifies "the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675).  Next, the Court identifies "allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Finally, the Court assumes the veracity of well-pleaded factual allegations, "and then determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).  For purposes of this analysis, the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

Furthermore, "[o]n a motion to dismiss, the district court must read a *pro se* plaintiff's allegations liberally and apply a less stringent standard to the pleadings of a *pro se* plaintiff than to a Complaint drafted by counsel." *Perlberger v. Caplan & Luber, LLP*, 152 F. Supp. 2d 650, 653 (E.D. Pa. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Gibbs v. Roman*, 116 F.3d 83, 86 n. 6 (3d Cir. 1997)).  "Yet even in the case of pro se litigants this leniency does not give a court license to serve as a de facto counsel for a party, or to rewrite an otherwise deficient

pleading in order to sustain an action." *Gipson v. Sec'y, U.S. Dep't of the Treasury*, 675 F. App'x 960, 962 (11th Cir. 2017) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)).

3. **DISCUSSION**

a. **Second Motion for an Extension of Time to File a Reply to Commonwealth Defendants' Motion to Dismiss Perry's Third Amended Complaint**

On December 12, 2022, the Court granted Perry extensions of time to file a response in opposition to the Commonwealth Defendants' Motion to Dismiss, as well as to provide a certificate of merit and/or a response in opposition to the Medical Defendants' Notice of Intent to Enter Judgment. *See* ECF No. 44. The Court provided Perry an extension through January 9, 2022 to file a response to the motion to dismiss and through January 23, 2023 to file a certificate of merit. *Id.* Nine days following the Court's granting of extensions, Perry filed a second motion for an extension of time to file a reply to the Commonwealth Defendants' dismissal of Plaintiff's Third Amended Complaint on December 21, 2022. ECF No. 46. In his second motion for an extension, Perry sought an additional thirty (30) days to file a response in opposition to the motion to dismiss due to his inability to access the library in his facilities. *Id.*

Perry then moved for leave to file a final amended complaint on January 3, 2023. ECF No. 49. And, on January 4, 2023, the Medical Defendants filed a Motion to Dismiss. ECF No. 48. Perry then filed a response in Opposition to the Medical Defendants' Motion to Dismiss on January 25, 2023. ECF No. 52. In his response in opposition to the Medical Defendants' Motion to Dismiss, Perry provides he sought to "voluntary[sic] terminate several named officials that was mistakenly identified as defendants . . . and seek to proceed against . . . Dr. Wiener." *Id.* at 3. Perry thus never filed a response in opposition to the Commonwealth Defendants' Motion to

Dismiss despite the ability and opportunity to do so.  Accordingly, Perry's motion for an extension to respond in opposition of the Commonwealth Defendants' Motion to Dismiss is denied as moot.

### b.  **Motion for Leave to File an Amended Complaint**

Perry also moves to file a supplement to the Third Amended Complaint and/or a Fourth Amended Complaint.  Perry filed a Third Amended Complaint on August 10, 2022.  ECF No. 30. On October 26, 2022, the Commonwealth Defendants moved to dismiss Perry's Third Amended Complaint.  ECF No. 38.  The next month, the Medical Defendants filed a notice of intent to enter a judgment due to Perry's failure to file a certificate of merit under a Pennsylvania Rule of Civil Procedure.[11]  On January 3, 2023, Perry then moved for leave to "supplement" his Third Amended Complaint.  *See* ECF No. 49 at 4.  The next day, Defendants CCS and Dr. Wiener's Estate moved to dismiss Perry's Third Amended Complaint.  ECF No. 48.

The Medical Defendants also responded in opposition to Perry's motion for leave to file an additional amended complaint.  ECF No. 51.  The Medical Defendants persuasively contend Perry's proffered amended complaint impermissibly seeks to "supplement" his Third Amended Complaint.  *Id.* at 1.  The Medical Defendants provide an "amended complaint must be a pleading that stands by itself without reference to the original complaint."  *Id.* (citing *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992)).  In contrast, the Federal Rules of Civil Procedure require a supplemental pleading to "set[] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  FED. R. CIV. P. 15(d) (emphasis added).  Perry's proffered amended complaint is not a proper supplemental pleading under the Federal Rules of Civil Procedure because Perry does not provide any recent transaction, occurrence, or event occurring after the factual allegations in his Third Amended Complaint.  *See generally* ECF No.

---

[11] For further discussion concerning the Medical Defendants' Notice of Intent to Enter Judgment due to Failure to File a Certificate of Merit and Motion to Enter Judgment, *see infra* pgs. 17-19.

5-8 (providing factual allegations concerning the same timeline as in Perry's Third Amended Complaint).  Moreover, Perry seeks to voluntarily dismiss all claims as alleged in his Third Amended Complaint but those against one Defendant.  *See* ECF No. 52 at 3; *see also* ECF No. 49 at 5 (listing only the Estate of Dr. Wiener as a named defendant in Perry's proffered amended complaint).  Thus Perry's motion to file an amended complaint is not offered as a supplement to the Third Amended Complaint, but rather as a complete Fourth Amended Complaint.  The Court will consider the merits of Perry's request for leave to file an additional amended complaint.

Enabling Perry to seek to file a Fourth Amended Complaint may be futile, causes prejudice to the non-moving Parties, and follows a series of repeated attempts to cure deficiencies in amendments previously allowed.  "Leave [to file an amended complaint] should be granted unless: (1) an amendment would be futile or there has been undue delay in the amendment; (2) the court finds bad faith or dilatory motive by the moving party; (3) an amendment would cause prejudice to the non-moving party; or (4) the moving party has demonstrated repeated failure to cure deficiency by amendments previously allowed."  *Harris v. Steadman*, 160 F. Supp. 3d 814, 816–17 (E.D. Pa. 2016) (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir.2004) (internal citations omitted)).

First, Perry's proffered Fourth Amended Complaint is likely futile and may lead to undue delay.  "A pleading will be deemed futile if, as amended, it fails to state a claim upon which relief may be granted."  *Nhu Nguyen v. Elwood Staffing Servs., Inc.*, No. 1:18-CV-01313, 2019 WL 4256361, at *2 (M.D. Pa. Sept. 9, 2019) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) ("Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss.")).

Federal courts "appl[y] the standard of legal sufficiency set forth under Rule 12(b)(6) of the Federal Rules of Civil Procedure" when assessing the futility of an amended complaint. *Id.* (citing *In re Burlington*, 114 F.3d at 1434 (internal citation omitted)).

In his proffered Fourth Amended Complaint, Perry seeks to only bring claims against Dr. Wiener for "fail[ure] to provide Plaintiff with adequate reasonable and acceptable care under his professional judgment" which, Perry alleges, "amount[s] to deliberate indifference to a possible fatal illness." ECF No. 49 at 7. Perry brings claims against Dr. Wiener "in his official and individual capacity." *Id.* at 8. More specifically, Perry alleges Dr. Wiener provided medical services to Perry, but Perry's symptoms, including poor breathing, persisted. *See generally id.* at 5-7. Perry describes instances of inadequate medical services and delayed responses by Dr. Wiener while Perry continued to suffer from lung and heart problems. *Id.* In sum, Perry contends Dr. Wiener provided a series of medical care that inadequately addressed his medical issues. *See generally id.* But Perry's proffered amendments concerning his claims against Dr. Wiener are similar in substance to Perry's claims in his Third Amended Complaint. Like the Third Amended Complaint, Perry provides factual allegations concerning medical care he received—and, allegedly, failed to receive—throughout 2019 until 2021. *See generally* ECF No. 49 at 5-8. Perry's Fourth Amended Complaint does not seek to add any additional facts concerning Dr. Wiener's actions. Thus Perry's proffered amendment is likely futile.[12]

Additionally, Perry's proffered amendment concerns a Defendant previously named and on notice in this case. Perry's Fourth Amendment Complaint seeks to assert claims against only one Defendant already involved in the case—but the Commonwealth Defendants moved to dismiss Perry's claims prior to Perry's motion to amend the complaint for a fourth time. ECF No. 38. And

---

[12] For further discussion concerning the legal sufficiency of Perry's Third Amended Complaint claims against Dr. Wiener's Estate, *see infra* pgs. 28-31.

the Medical Defendants have also moved to dismiss Perry's Third Amended Complaint.  ECF No. 48.  Perry's late attempt to streamline his claims—though perhaps made with good intentions—may amount to undue delay given the similar substance of the claims and the previous involvement of other Parties in the case.

Second, an amendment would cause prejudice to a non-moving party, here, specifically Defendant Dr. Wiener's Estate.  Although the Commonwealth Defendants would otherwise be prejudiced by Perry's proffered amendments because they had already moved to dismiss the Third Amended Complaint, his request to drop all claims as to the Commonwealth Defendants would likely negate any prejudice.  The Medical Defendants have also moved to dismiss Perry's claims, as well as they have moved to enter judgment against Perry for failure to file a Certificate of Merit. *See id.*; ECF No. 54.  Granting Perry's Motion for Leave to File a Fourth Amended Complaint would prejudice Defendant Dr. Wiener who has already moved to dismiss Perry's previous claims against him, which are similar in substance to the proffered amendments.  This factor weighs against granting Perry leave to file a Fourth Amended Complaint.

And third, Perry has demonstrated repeated failure to cure deficiency by amendments previously allowed.  Perry's proffered amendments, if granted, would amount to a Fourth Amended Complaint filed in this action.  Portions of previous complaints have been dismissed with prejudice, while the Court has provided numerous opportunities for Perry to amend particular claims over time.  Here, Perry's proffered amendment against Dr. Wiener is similar in substance to the Third Amended Complaint in front of the Court.  Given the Court's extensive history of providing leave to file amended complaints in this matter, the Court is not inclined to grant Perry additional leave to file a Fourth Amended Complaint.

Therefore, Perry is not granted leave to file his proffered Fourth Amended Complaint/Supplement because these amended claims would likely be futile, cause prejudice to a non-moving party, and follow a series of repeated attempts to cure deficiencies in amendments previously allowed. Accordingly, the Court proceeds to address the merits of Defendants' pending motions to dismiss Perry' Third Amended Complaint, as well as other motions in front of the Court.

### c. The Medical Defendants' Motion for Entry of Judgment of Non Pros

In the Medical Defendants' Motion to Dismiss, Defendants contend Perry required "a Certificate of Merit and expert report . . . to be attached to the Third Amended Complaint" due to his claims of medical negligence/professional negligence and in accordance with Pennsylvania Rule of Civil Procedure Rule 1042.3(a). *See* ECF No. 48 at 5. Accordingly, the Medical Defendants filed a notice of intent to enter judgment for failure to file a written statement, ECF No. 41, and later, a praecipe for entry of judgment of non pros pursuant to Pennsylvania Rule 1042.7, ECF No. 54. The Medical Defendants' praecipe for entry of judgment directs the clerk to enter judgment as to the Medical Defendants.[13] In response to the Medical Defendants' Motion to Dismiss, ECF No. 48, Perry contends he does not "plead, claim nor allege medical malpractice."[14] And Perry later submits "[his] action strictly seek[s][sic] to hold defendant liable under [the] 8th Amend[ment][sic] . . . violation of plaintiff's right to be free from cruel and unusual

---

[13] ECF No. 54. The Court notes while "the entry of judgment non pros [occurs] in Pennsylvania courts, federal courts will dismiss without prejudice actions where a certificate of merit has not been filed." *Martinez v. Kubala*, No. CIV. 09-00026, 2011 WL 3740285, at *2 (E.D. Pa. Aug. 24, 2011) (internal citations omitted).

[14] ECF No. 52 at 4. Perry also focuses much of his response in opposition to Medical Defendants' Motion to Dismiss on his claims of deliberate indifference. *Id.* at 6-7.

punishment."  ECF No. 55 at 2.  Perry also contends the Court should not be bound by the requirements of Pennsylvania Rule of Civil Procedure Rule 1042.3(a).  *See* ECF No. 52 at 4-5.

In *Talbert v. Correctional Dental Associates*, a federal district court in Pennsylvania considered whether a certificate of merit is necessary in a case involving an inmate suing medical professionals for deliberate indifference.  No. CV 18-5112, 2019 WL 5866890, at *1 (E.D. Pa. Nov. 8, 2019).  In *Talbert*, the defendants filed notices of intent to enter judgment of non pros against the plaintiff for failing to provide a certificate of merit under Pennsylvania Rule of Civil Procedure 1042.3.  *Id.*  The district court found the "Pennsylvania Rule applies if [plaintiff] pleads medical malpractice and professional negligence claims by professionals."  *Id.* at *2.  And thus, "[f]ailure to adduce a certificate of merit may allow a Pennsylvania Prothonotary to enter judgment of non pros on the claim a professional deviated from the standard of care."  *Id.*  The district court then found plaintiff "judicially admitted he does not plead medical malpractice or professional negligence and limits his case to his Eighth Amendment claim."  *Id.*; *see also id.* n. 5 (illustrating the use of judicial admissions when interpreting the claims of *pro se* plaintiffs).  Next, the district court considered "whether [plaintiff] may proceed on a deliberate indifference claim against prison doctors without a certificate of merit."  *Id.*  Because "the certificate of merit addresses deviations from the professional's standard of care under Pennsylvania negligence law" and ". . . not the constitutional standard of deliberate indifference[,]" the court declined to "find a certificate of merit would affect proof of the constitutional claim."  *Id.*  Thus, ultimately, the court did not require plaintiff to provide a certificate of merit under Rule 1042.3 because his claim was limited to a claim for deliberate indifference.  *Id.*

The federal district court's finding and reasoning in *Talbert* is persuasive to this action due to similar underlying facts and claims.  Here, Perry brings claims against a medical provider and

private medical company.  Perry has not provided a certificate of merit.  Nevertheless, like the plaintiff in *Talbert*, Perry has repeatedly provided his sole claims are deliberate indifference claims based in his Eighth Amendment rights—not medical malpractice claims.  *See* ECF No. 52 at 4; ECF No. 55 at 2.  The Court accepts Perry's judicial admission he is not alleging medical malpractice claims.[15]  Accordingly, Perry is not required to file a certificate of merit under Rule 1042.3 to bring his constitutional claims of deliberate indifference.  The Court thus denies the Medical Defendants' Motion to Enter Judgment of Non Pros.

### d.  **Motions to Dismiss Perry's Claims in his Third Amended Complaint**

Perry's Third Amended Complaint alleges Defendants violated his Eighth Amendment rights by acting with deliberate indifference "in connection with medical treatment he received or failed to receive while incarcerated at [Pennsylvania] DOC SCI-Phoenix."  ECF No. 30 ¶1.  Perry seeks to assert federal constitutional claims under 42 U.S.C. § 1983.  *Id.* ¶10.  That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

---

[15] *See Talbert*, 2019 WL 5866890, at *2 n. 5. (citing *Higgs v. Attorney General of the United States*, 655 F.3d 333, 340 (3d Cir. 2011)).  " 'Judicial admissions' are admissions in pleadings, stipulations, etc. which do not have to be proven in the same litigation." *Id.* (quoting *Phila. Reinsurance Corp. v. Employers Insurance of Wausau*, 61 Fed. Appx. 816, 819 (3d Cir. 2003) (internal citation omitted)).  "[J]udicial admissions are binding for the purpose of the case in which the admissions are made."  *Id.* (citing *Phila. Reinsurance Corp.*, 61 Fed. Appx. at 819). Accordingly, Perry may not argue a medical malpractice claim in this action.

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court will address Perry's allegations as against the Commonwealth Defendants—Defendants Mandy Sipple, Britney Huner, Pennsylvania DOC, and Joseph J. Silva—and the Medical Defendants—Defendants Correct Care Solutions ("CCS") and the Estate of Dr. Stephen Dr. Wiener— in seriatim.

### i. Commonwealth Defendants' Motion to Dismiss

In his Third Amended Complaint, Perry brings deliberate indifference claims against the Pennsylvania DOC, Deputy Superintendent Mandy Sipple; Correctional Health Care Administrator Brittany Huner, and Director of Bureau of Pennsylvania DOC Health Care Services Joseph J. Silva.  He brings these claims against Defendants in their personal and official capacities. *See* ECF No. 30 at 4-5.  The Commonwealth Defendants move to dismiss Perry's claims under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  *See generally* ECF No. 38.  The Court notes Perry did not oppose the Commonwealth Defendants' Motion to Dismiss.  Nevertheless, the Court will address the merits of the Commonwealth Defendants' Motion to Dismiss.[16]

---

[16] "Where a party has failed to timely respond to a motion to dismiss within 14 days, the Court is authorized to grant the motion as uncontested under the local rules." *Miller v. Goggin*, No. CV 22-3329-KSM, 2023 WL 3259468, at *3 (E.D. Pa. May 4, 2023) (citing Loc. R. Civ. P. 7.1(c) ("Unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested except as provided under Fed.R.Civ.P 56.") (additional internal citation omitted)). Nevertheless, "it is preferred that a district court undertake a merits analysis of the complaint, even if a plaintiff has failed to respond to a motion to dismiss." *Id.* (citing *Gary v. Pa. Human Relations Comm'n*, 497 F. App'x 223, 226 (3d Cir. 2012) ("[M]otions to dismiss should not be granted without an analysis of the merits of the underlying complaint, notwithstanding local rules regarding the granting of unopposed motions."); *Stackhouse v. Mazurkiewicz*,, 951 F.2d 29, 30 ("[T]his action should not have been dismissed solely on the basis of the local rule without any analysis of whether the complaint failed to state a claim upon which relief can be granted, as provided in Fed.R.Civ.P. 12(b)(6).")).  Accordingly, the Court considers

First, Perry's claims against the Pennsylvania DOC are barred under the Eleventh Amendment. "It is well established that lawsuits seeking retrospective relief by private persons against a state, state officials, and state entities are generally prohibited." *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 309 (3d Cir. 2020) (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)). More specifically, "[t]he Eleventh Amendment of the United States Constitution bars claims under Section 1983 against state actors unless the state has waived its sovereign immunity." *Whaley v. Schiliro*, 644 F. App'x 185, 188 (3d Cir. 2016). And the U.S Court of Appeals for the Third Circuit has found "[t]he Pennsylvania Department of Corrections is undoubtedly a state instrumentality and its officials are state agents." *Downey*, 968 F.3d at 310 (finding the Pennsylvania Department of Corrections and its officers immune from plaintiff's claims for retroactive relief under the Eleventh Amendment) (citing 71 Pa. Stat. § 61)). So Perry's claims against Pennsylvania DOC are barred under the Eleventh Amendment.[17]

Next, to the extent Perry brings claims against Deputy Superintendent Mandy Sipple, Correctional Health Care Administrator Brittany Huner, and Director of Bureau of Pennsylvania DOC Health Care Services Joseph J. Silva in their official capacity as state agency officials of the Pennsylvania DOC, Perry's claims are also barred. Claims against governmental officials named in their official capacity are indistinguishable from claims against the governmental agency that

---

the merits of Perry's underlying Third Amended Complaint as it concerns the Commonwealth Defendants.

[17] The Court also notes Perry's claims against the Pennsylvania DOC are also barred because the agency is not a 'person' within the meaning of Section 1983. *Adams v. Hunsberger*, 262 F. App'x 478, 481 (3d Cir. 2008) (finding "the District Court properly concluded [plaintiff's Section 1983] claims against the Pennsylvania Department of Corrections were barred, as it is not a 'person' within the meaning of 42 U.S.C. § 1983.") (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

employs them.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id.*  So suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment.[18] Accordingly, Perry's official capacity claims against officials of the Pennsylvania DOC are dismissed with prejudice.

Perry also brings claims against Defendants Sipple, Huner, and Silva in their individual capacities.  Perry brings deliberate indifference claims against Defendants Sipple, Huner, and Silva as non-medical providers.  *See* ECF No. 30 at 1, 4.  Specifically, Perry alleges Defendant Sipple manages the medical department at SCI-Phoenix and thus "oversaw the operations and care of inmates" at the facility.  *Id.* at 4.  Moreover, Perry avers Defendant Huner acted as a "Correctional Health Care Administrator at SCI-Phoenix and thus "directly and indirectly refused to provide adequate medical care to Plaintiff" at the facility.  *Id.*  And Perry also alleges Defendant Silva Director of Pennsylvania DOC's Health Care Services "violated Plaintiff's Eighth Amendment rights that reached deliberate indifference by failing to provide medical care."  *Id.* at 5. Nevertheless, Perry also names Dr. Wiener's Estate as a defendant due to Dr. Wiener's direct provision of medical services and treatment to Perry.  *Id.* at 4 ("Dr. Wiener . . . directly treated and oversaw the treatment of Plaintiff during the relevant time period.").  In his Third Amended

---

[18] *A.W. v. Jersey City Pub. Sch.*, 341 F.3d 234, 238 (3d Cir. 2003); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  However, state officials sued in their individual capacities are "persons" within the meaning of Section 1983.  *See Hafer*, 502 U.S. at 31.  Thus, the Eleventh Amendment does not bar suits for monetary damages brought under Section 1983 against state officials in their individual capacities.  *Id.*

Complaint, Perry only describes treatments provided by Dr. Wiener as "the supervising doctor." *Id.* at 8.  Nevertheless, Perry also contends "[t]he entire medical staff and overseers of such failed to provide Plaintiff medical care . . . ."  *Id.*

Perry's allegations do not plausibly show Defendants Sipple, Huner, nor Silva directly provided medical treatment nor services to Perry.  In their Motion to Dismiss, the Commonwealth Defendants aver the named Commonwealth Defendants are <u>non-medical</u> providers.  ECF No. 38 at 10.  And the Commonwealth Defendants' administrative roles, as well as Perry's specification Dr. Wiener—and not the other named Defendants—provided his medical care, suggests the Defendants are non-medical providers who work in the medical department of SCI-Phoenix.  *See* ECF No. 30 at 7-9 (providing Perry's past medical treatments without mention of the Commonwealth Defendants).  The Court has previously dismissed with prejudice Perry's deliberate indifference claims against non-medical provider Defendants at SCI-Phoenix as not plausible.  *See* ECF No. 15 at 8-9 ("As Perry was being treated by medical personnel at SCI-Phoenix for his breathing problems, he cannot assert plausible claims against non-medical defendants for being allegedly indifferent to his medical needs.").  And the U.S. Court of Appeals has found "non-medical prison officials are generally justified in relying on the expertise and care of prison medical providers."  *Matthews v. Pennsylvania Dep't of Corr.*, 613 F. App'x 163, 170 (3d Cir. 2015) (citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir.2004)).  So "[a]bsent a reason to believe (or actual knowledge) that prison doctors . . . are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."  *Id.* (citing *Spruill*, 372 F. 3d at 236).  Because Perry has not provided factual allegations showing the personal and direct involvement and/or knowledge of

Defendants Sipple, Huner, nor Silva as non-medical providers, Perry's claims against them in their individual capacities are dismissed with prejudice.[19]

### ii. Medical Defendants' Motion to Dismiss

#### 1. Claims Against Defendant Correct Care Solutions ("CCS")

In his Third Amended Complaint, Perry brings claims against Defendant Correct Care Solutions ("CCS"), who Perry avers maintained a "contract with the [Pennsylvania DOC] to furnish health care to incarcerated inmates in Pennsylvania." ECF No. 30 at 5. Perry contends CCS "violated Plaintiff's Eighth Amendment rights[] [through] deliberate indifference by way of 'policy, [p]ractice and/or custom." *Id.* at 5. More specifically, Perry alleges the Pennsylvania

---

[19] Even assuming Defendants Sipple, Huner, or Silva provided Perry with medical care, Perry's claims against them are not sufficiently particular to state a claim. "A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . ." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n. 3 (1981); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir.1976)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* But "[a]llegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* (citing *Boykins v. Ambridge Area School District*, 621 F.2d 75, 80 (3d Cir.1980) (civil rights complaint adequate where it states time, place, persons responsible); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir.1978) (same)). Commonwealth Defendants correctly aver Perry's "Third Amended Complaint is devoid of any information as to the role of each of the Commonwealth Defendants in the Constitutional violations alleged." ECF No. 38 at 10. And "[i]n fact, the Commonwealth Defendants are rarely mentioned by name, and any mention that is made amounts to . . . a threadbare recitation of the legal elements of the claim." *Id.* (internal citations omitted). More specifically, Perry alleges Defendant Sipple "refused Plaintiff medical care as directed by outside provider and supervision of Dr. Wiener," ECF No. 30 at 4; Defendant Huner "failed to provide the medical care that the outside medical provider requested for Plaintiff directed by [sic]D[r]. Wiener," *id.*; and Defendant Silva "reached deliberate indifference by failing to provide medical care[] [u]pon knowing the recommendation of outside medical provider," *id.* at 5. Perry's allegations against the Commonwealth Defendants are not sufficiently particular and amount to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation marks omitted)). Accordingly, Perry's claims against Commonwealth Defendants Sipple, Huner, and Silva are dismissed.

DOC had "policy, practice and/or customs . . . to maintain control over actions of the Defendant

Correct Care Solutions by contract."  ECF No. 30 at 5.  Perry further alleges "the medical program

at SCI-Phoenix lacks sufficient policies and procedures to ensure that adequate medical care is

provided to inmates, and that the medical staff at the facility is unqualified, adequately trained,

under staff[ed][sic] and lacking essential resources to meet the special needs of the individuals

incarcerated." *Id.* at 2.

The Medical Defendants move to dismiss Perry's claims against CCS and Dr. Wiener's

Estate.  Concerning CCS, the Medical Defendants contend Perry's claims must be dismissed

because Perry has not met his burden to show CCS acted with deliberate indifference nor

established or maintained a policy or custom which directly caused Perry's harm.  *See* ECF No.

48 at 10.  And moreover, to the extent Perry alleges CCS is liable due to the actions of its

employees, particularly Dr. Wiener, the Medical Defendants submit private health companies

cannot be held liable for the acts of their employees under respondeat superior.  *Id.* at 12.

"The Eighth Amendment requires that prisoners receive access to basic medical treatment."

*Lopez v. Corr. Med. Servs., Inc.*, 499 F. App'x 142, 145–46 (3d Cir. 2012) (citing *Rouse v. Plantier*,

182 F.3d 192, 197 (3d Cir.1999)).  But "[o]nly 'unnecessary and wanton infliction of pain' or

'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise

to the level of a constitutional violation." *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)

(quoting *White v. Napoleon*, 897 F.2d 103, 108–09 (3d Cir.1990) (quoting *Estelle v. Gamble*, 429

U.S. 97, 103 (1976)).  "Allegations of medical malpractice are not sufficient to establish a

Constitutional violation." *Id.* (citing *White*, 897 F.2d at 108–09 (3d Cir.1990) (citing *Estelle*, 429

U.S. at 106)).  And "mere disagreement as to the proper medical treatment is also insufficient."

*Id.* (quoting *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir.1987) (internal citation omitted).

A plaintiff alleging deliberate indifference claims "must identify 'acts or omissions [on the part of the defendants] sufficiently harmful to evidence deliberate indifference to [a plaintiff's] serious medical needs." *Lopez*, 499 F. App'x at 146 (quoting *Estelle*, 429 U.S. at 106). So "a defendant exhibits such deliberate indifference if [they] 'know[] of and disregard[] an excessive risk to inmate health or safety.'" *Id.* at 145–46 (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir.2002) (citation omitted).

Private corporations, such as those providing medical care for inmates, "cannot be vicariously liable for the acts of its staff under [Section] 1983." *Miller v. City of Phila.*, No. CIV. A. 96-3578, 1996 WL 683827, at *4 (E.D. Pa. Nov. 25, 1996); *see also Lopez*, 499 F. App'x at 147 (finding a corporation responsible for arranging the medical care of state inmates "cannot be held responsible for the acts of its employees under a theory of respondeat superior in a [Section] 1983 action") (citing *Natale*, 318 F.3d at 583-84). So private corporate defendants "can only be held liable on the basis of some policy it had that caused the alleged violation of [a plaintiff's] Eighth Amendment rights." *Lopez*, 499 F. App'x at 147 (citing *Natale*, 318 F.3d at 583-84).

Here, Perry must allege CCS, a private corporation, maintained a policy leading to the alleged violation of Perry's rights because CCS cannot be held vicariously liable for the actions of its employees. *Miller*, 1996 WL 683827, at *4 (finding private corporations, such as those providing medical care for inmates, "cannot be vicariously liable for the acts of its staff under [Section] 1983"). Thus Perry avers CCS "lacks sufficient polices and procedures to ensure that adequate medical care is provided to inmates" and to adequately train and provide the resources for its medical staff to meet the needs of incarcerated individuals. ECF No. 30 at 2. Perry further

alleges the Pennsylvania DOC had "policy, practice and/or customs . . . to maintain control over actions of the Defendant Correct Care Solutions by contract." *Id.* at 5.

Perry's factual allegations concerning policies and procedures at CCS are generalized statements that fail to identify any particular CCS policy or manner of conduct leading to Perry's injuries in this case. "Conclusory allegations about a general lack of policies . . . is insufficient." *Keener v. Hribal*, 351 F. Supp. 3d 956, 977 (W.D. Pa. 2018) (citing *D.M. by Sottosanti-Mack v. Easton Area Sch. Dist.*, No. CV 17-1553, 2017 WL 6557560, at *8 (E.D. Pa. Dec. 22, 2017)). And "[a] complaint must include specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *Id.* (quoting *Kelty v. City of Philadelphia*, No. CV 16-0306, 2016 WL 8716437, at *4 (E.D. Pa. June 10, 2016) (internal citation omitted)). Here, Perry does not allege specific facts concerning CCS's policies nor unofficial conduct beyond vague conclusory assertions. And the Court is not bound to consider Perry's legal conclusions concerning the inadequacy of CCS's policies. *See Iqbal*, 556 U.S. at 678; *see also D.M.*, 2017 WL 6557560, at *8 ("Conclusory allegations are insufficient to survive a motion to dismiss.") (quoting *McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009) (internal quotation omitted)). Moreover, Perry's allegations seem to aver Pennsylvania DOC—not CCS— is responsible for any relevant policies and procedures in this matter.[20] Thus, Perry's threadbare and generalized factual assertions do not "plausibly give rise to an entitlement to relief" concerning Perry's deliberate indifference claim against CCS. *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679). Accordingly, Perry's claims against CCS are dismissed with prejudice.

---

[20] *See* ECF No. 30 ¶17 (alleging "it was policy, practice and/or customs of the Pennsylvania DOC to maintain control over actions of the Defendant Correct Care Solutions by contract"). Perry's allegation the Pennsylvania DOC established CCS's policies as a contractor is further bolstered by the Medical Defendants' contention "CCS follows the policy, practice, and customs of the [Pennsylvania] DOC." ECF No. 48 at 12.

## 2.  Claims Against Defendant Dr. Wiener's Estate

Perry also brings claims against Defendant the Estate of Dr. Stephen Wiener, "an adult individual and medical doctor who[][sic] treated inmates at SCI-Phoenix" and "acted . . . as an agent and employee of the [Pennsylvania DOC] and Correct Care Solutions."  ECF No. 30 at 4. Concerning Defendant Dr. Wiener's Estate, Perry alleges Dr. Wiener, as his medical provider, "refused Plaintiff medical care as directed by outside medical provider."  *Id.* at 4.  Perry further contends Dr. Wiener repeatedly ignored Perry's requests for treatment "with deliberate indifference to [Perry's] extreme pain."  *Id.* at 2.  Dr. Wiener also allegedly "continu[ally] . . . den[ied] Plaintiff access to simple diagnostic and palliative treatments, without reason or cause, leading to the degeneration of Plaintiff's basic bodily functions."  *Id.*  More specifically, Perry alleges he repeatedly requested—and eventually received— medical services throughout the start of 2019, which included breathing treatments that did not adequately provide relief, and services from an outside medical provider at the direction of Dr. Wiener.  *Id.* at 6-7.  Perry contends the outside provider provided findings of Perry's various medical issues including diseases to Dr. Wiener on January 18, 2021, but Dr. Wiener failed to provide medical care in response.  *Id.* at 8. Perry ultimately received medical care at a hospital on November 29, 2021. *Id.*  So, broadly speaking, Perry alleges Dr. Wiener's failure to provide timely and adequate medical care led to the worsening of Perry's health conditions.  *See generally id.* at 6-8.

The Medical Defendants move to dismiss Perry's claims against Dr. Wiener's Estate.  *See* ECF No. 48 at 7-9.  The Medical Defendants contend Perry's claims against Dr. Wiener's Estate should be dismissed because Perry's factual averments do not satisfy the deliberate indifference standard.  *See id.*

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. 97 at 106. "A defendant exhibits such deliberate indifference if he '<u>knows of and disregards an excessive risk</u> to inmate health or safety.'" *Lopez*, 499 F. App'x at 146 (quoting *Natale*, 318 F.3d at 582 (citation omitted)). "Mere medical malpractice, negligence, and courses of treatment inconsistent with the desires of the prisoner, though, do not constitute deliberate indifference to serious medical needs." *Id.* (citing *Spruill*, 372 F.3d at 235). The U.S. Court of Appeals for the Third Circuit has "found deliberate indifference to a prisoner's serious medical needs only where a prison official knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment for a non-medical reason, or prevents a prisoner from receiving needed medical treatment." *Id.* (citing *Rouse*, 182 F.3d at 197).

Here, Perry's claims are not sufficient to show Dr. Wiener's deliberate indifference to Perry's serious medical needs. Perry makes conclusory statements Dr. Wiener deliberately failed to provide timely and adequate medical information. Perry also alleges facts showing various medical care he requested and received. *See* ECF No. 30 at 6 (requesting medical care in early 2019, as well as undergoing an "outside hospital trip" and an "oncology telemed [appointment with] Dr. Miceli"); *id.* at 7 (providing Perry "was given breathing treatments" although Perry alleges the treatments did not improve his pain and amount to misdiagnoses); *id.* (contending Dr. Wiener sent Perry to an outside health provider who provided findings to Dr. Wiener). Although Perry considers these treatments inadequate, his mere disagreement with his treatment is not a sufficient basis for deliberate indifference claim. *See Lopez*, 499 F. App'x at 146.

So Perry's deliberate indifference claim seems to be focused on Perry's allegations Dr. Wiener failed to timely provide medical care to Perry following Perry's trip to an outside provider

for medical treatment in January of 2021.  *Id.* at 8.  Perry alleges the outside provider sent findings to Dr. Wiener concerning Perry's diagnoses and recommendations for continued care.  ECF No. 30 at 7-8; *see also id.* at 10-13 (Perry's medical report from outside provider containing diagnoses and recommended care).   The outside providers recommendations include statements such as "pulmonology consult is recommended[,]"   "continued attention is needed on subsequent imaging[,]" and "recommend renal ultrasound for further evaluation."  *Id.* at 11-12.  Perry later received care at a hospital in November of 2021.  *Id.* at 8.  Perry does not provide any additional facts concerning Dr. Wiener's allegedly deliberate failure to provide care following Perry's treatment with an outside medical provider.

Perry's pled facts do not show Dr. Wiener's "deliberate indifference to . . . [Perry's] serious medical needs" by way of Dr. Wiener "know[ing] of . . . [Perry's] need for medical treatment but intentionally refus[ing] to provide [medical treatment], delay[ing] necessary medical treatment for a non-medical reason, or prevent[ing] a prisoner from receiving needed medical treatment."  *Lopez*, 499 F. App'x at 146 (citing *Rouse*, 182 F.3d at 197).  Perry had been receiving medical treatments from Dr. Wiener, who then directed Perry to receive treatment from an outside provider.  Following his external treatment, Perry does not provide sufficient facts showing Dr. Wiener intentionally refused to provide medical treatment Perry needed.  Findings from the outside medical provider showed various diagnoses and recommendations for Dr. Wiener's continued treatment.  *See* ECF No. 30 at 10-13.  Perry alleges Dr. Wiener failed to provide medical care in response; Perry did not receive medical care until his trip to the hospital in 2021.  *Id.* at 8.  Although Dr. Wiener's failure to provide immediate medical care following Perry's visit to an outside provider may suggest negligence or medical malpractice, these allegations alone are not sufficient to establish a deliberate indifference claim.  *See Lopez*, 499 F. App'x at 146.

Nevertheless, Perry may provide more detailed facts showing Dr. Wiener acted with deliberate indifference concerning Perry's "serious medical needs . . . [because he] <u>knows of a prisoner's need for medical treatment</u> but <u>intentionally refuses</u> to provide it, <u>delays necessary medical treatment for a non-medical reason</u>, or <u>prevents a prisoner from receiving needed medical treatment.</u>" *Id.* (citing *Rouse*, 182 F.3d at 197).  Accordingly, Perry's deliberate indifference claims as against Dr. Wiener's Estate are dismissed without prejudice.

4. **CONCLUSION**

For the foregoing reasons, Perry's Motion for Leave to File a Fourth Amended Complaint, ECF No. 49, is denied, and Perry's Second Motion for an Extension of Time to File a Reply to Defendants' Motion to Dismiss, ECF No. 46, is denied as moot.

Next, Perry does not state plausible claims of deliberate indifference concerning Defendants Deputy Superintendent Mandy Sipple; Correctional Health Care Administrator Brittany Huner; Director of Bureau of Pennsylvania DOC Health Care Services Joseph J. Silva; nor the Pennsylvania DOC.  Thus the Court grants the Commonwealth Defendants' Motion to Dismiss, ECF No. 38, and Perry's claims against the Commonwealth Defendants are dismissed with prejudice.

Also, the Court finds Perry is not required to file a certificate of merit under Rule 1042.3 to bring his constitutional claims of deliberate indifference. Accordingly, the Court denies the Medical Defendants Motion to Enter Judgment of Non Pros, ECF No. 54.

Lastly, Perry does not state plausible claims of deliberate indifference concerning CCS nor Dr. Wiener's Estate.  Accordingly, the Medical Defendants' Motion to Dismiss, ECF No. 48, is granted.  Perry's claims against CCS will be dismissed with prejudice, but Perry's claims against Dr. Wiener's Estate are dismissed without prejudice.

An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge